WEEKS *v.* CITY OF PARAGOULD.

4951                                           328 S. W. 2d 81

Opinion delivered September 28, 1959.

[Rehearing denied November 2, 1959]

*Howard A. Mayes,* for appellant.

*Robert Branch,* for appellee.

ED. F. McFADDIN, Associate Justice. The appellant challenges the validity of Sections 1 and 3 of Initiated Ordinance No. 1 of the City of Paragould, adopted by vote of the People of that City on November 4, 1958. These questioned sections read:

"SECTION 1: It shall be unlawful for the owner of any dog living within the corporate limits of the City of Paragould, Arkansas, to allow or permit such dog to run at large within the corporate limits of said City. It shall be the duty of the owner of every dog to keep said dog safely and securely restrained at all times.

"SECTION 3: It is hereby declared to be a misdemeanor for the owner of any dog to allow or permit his dog to run at large within the corporate limits of the City of Paragould. Any person violating any provisions of this ordinance shall be fined in a sum not less than $5.00 and more than $25.00."

Appellant was fined $5.00 in the Municipal Court for allowing her dog to run at large in violation of the above quoted ordinance. On appeal to the Circuit Court, appellant demurred to the charge, claiming that the City was without power to adopt such an ordinance. The Circuit Court overruled the demurrer and affirmed the Municipal Court judgment when appellant refused to plead further. This appeal ensued.

The only question is the power of the appellee City to enact the ordinance heretofore copied.[1] Act No. 1 of 1875 is captioned, "An Act for the Incorporation, Organization, and Government of Municipal Corporations". Section 16 of that Act states, concerning the powers of municipal corporations: "They shall have the power . . . to prevent the running at large of

[1]Section 2 of the Initiated Ordinance No. 1 relates to impounding dogs and procedure thereafter. Consideration of that section is not necessary to a decision of the present case.

dogs, and injuries and annoyances therefrom, and to authorize the destruction of the same, when at large, contrary to any prohibition to that effect''. The quoted language from the 1875 Act is now found in § 19-2502 Ark. Stats. There have been several subsequent legislative enactments[2] concerning the procedure for impounding, holding, and disposing of animals running at large. But the general power of the municipal corporation to prevent the running at large of dogs has existed continuously since 1875; and Section 23 of the Act No. 1 of 1875 (as now found in § 19-2408 Ark. Stats.) says: ''By-laws and ordinances of municipal corporations may be enforced by the imposition of fines, forfeitures, and penalties on any person or persons offending against or violating such by-laws or ordinances, or any of them . . .''; and Section 24 of Act No. 1 of 1875 (as now found in § 19-2409 Ark. Stats.) prescribes the permissible extent of the fines that may be levied.

Since municipal corporations have power to prevent the running at large of dogs and to prescribe fines against persons who violate the ordinance, it necessarily follows that the City of Paragould had the power to adopt Sections 1 and 3 of the Initiated Ordinance No. 1 here involved. The fact that the dog might be impounded does not prevent the City from levying a fine against the person who permitted the dog to run at large. See *Gibson* v. *Town of Harrison*, 69 Ark. 385, 63 S. W. 999. Affirmed.

[2]Some of these are: Act No. 137 of 1895; Act No. 122 of 1899; Act No. 172 of 1901; and Act No. 299 of 1921.