SLIP OPINION

Cite as 2014 Ark. 254

# SUPREME COURT OF ARKANSAS

No. CV–13–1114

| | |
|---|---|
| HOTEL ASSOCIATES, INC.<br>APPELLANT<br><br>V.<br><br>RIEVES, RUBENS AND MAYTON,<br>AN ARKANSAS GENERAL<br>PARTNERSHIP; MICHAEL R.<br>MAYTON; ELTON ALLISON RIEVES,<br>III; AND BELINDA E. RUBENS,<br>INDIVIDUALLY AND IN HER<br>CAPACITY AS ADMINISTRATRIX OF<br>THE ESTATE OF KENT J. RUBENS<br>APPELLEES | **Opinion Delivered** May 29, 2014<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT<br>[NO. 60-CV-1012-1410]<br><br>HONORABLE JAY MOODY, JUDGE<br><br><br><br><u>AFFIRMED; MOTION TO DISMISS<br>DENIED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Hotel Associates, Inc. (Hotel) appeals an order entered by the Pulaski County Circuit Court upholding the validity of an oral contingency-fee agreement for legal services rendered by attorney Kent J. Rubens, deceased, when he was a general partner in the law firm of appellee Rieves, Rubens and Mayton (RRM). As a result of this ruling, the circuit court granted judgment in the amount of $2,295,756.70 in favor of RRM and the other appellees, Michael R. Mayton, Elton Allison Rieves, III, and Belinda E. Rubens, individually and in her capacity as the administratrix of the estate of Kent J. Rubens.[1] For reversal, Hotel contends that the circuit court erred in ruling that oral contingency-fee

---

[1] For ease of discussion, we will refer to all appellees as "RRM."

agreements are enforceable under Arkansas law. As an alternative argument, it asserts that the circuit court erred in granting RRM's motion for summary judgment because material issues of genuine fact remain in dispute. In its final point, Hotel maintains that the circuit court erred in granting RRM's motion for prejudgment interest. We affirm the circuit court's grant of summary judgment and award of prejudgment interest.[2]

Our review of the record discloses that, in 2005, J.O. "Buddy" House retained Rubens to represent Hotel, one of House's companies, in bringing a civil lawsuit against Holiday Inn Franchising, Inc. Rubens and House had enjoyed an attorney-client relationship for many years. By all accounts, the two men were close, and as was their practice, the engagement for Rubens's services was not reduced to writing. However, it is undisputed that Hotel agreed to pay Rubens a contingency fee amounting to one-third of any recovery obtained in the lawsuit. Thereafter, Rubens enlisted attorney Timothy Dudley to assist in the representation of Hotel. As per oral agreement, Rubens and Dudley were to divide equally the one-third contingency fee to be paid by Hotel in the event that the litigation was successful.

Rubens died of a sudden illness on November 5, 2008. With House's consent, Dudley continued to represent Hotel in the Holiday Inn litigation, and he retrieved the files from RRM on November 18, 2008. RRM later disbanded in January 2009. The case against Holiday Inn went to trial in July 2009. A jury in Crittenden County awarded Hotel $13,000,000 in compensatory damages and $12,000,000 in punitive damages. Upon Holiday

---

[2] During the pendency of this appeal, RRM filed a motion to dismiss. We deny the motion.

Inn's motion, the circuit court reduced the compensatory-damages award to $10,056,000 and the punitive-damages award to $1,000,000. Holiday Inn appealed, and Hotel filed a cross-appeal. As pertinent here, the Arkansas Court of Appeals upheld the reduction of compensatory damages but reinstated the award of punitive damages. *Holiday Inn Franchising, Inc. v. Hotel Assocs., Inc.*, 2011 Ark. App. 147, 382 S.W.3d 6.

On or about October 21, 2011, Holiday Inn paid the compensatory-damages award with interest to Hotel via Dudley in the amount of $11,287,930. From that award, Hotel authorized Dudley to retain his share of one-sixth of the award and to remit to RRM its fee of one-sixth of the award. However, in authorizing the payment of fees to RRM, Hotel did so under a reservation of rights. Thereafter, Holiday Inn sought a writ of certiorari to the United States Supreme Court to challenge the award of punitive damages. When the Court denied the writ, Holiday Inn paid the punitive-damages award with interest in the amount of $13,800,000. Upon Dudley's receipt of the funds, Hotel authorized Dudley to deduct his one-sixth fee, but it instructed Dudley not to transmit any fee to RRM. Anticipating litigation over RRM's portion of the attorney's fee, Dudley retained RRM's putative share of the fee to be deposited into the registry of the court.

In March 2011, Hotel filed suit.[3] In its third amended complaint, Hotel asserted a claim of unjust enrichment and sought a declaration that RRM abandoned its representation of Hotel following Rubens's death. Further, Hotel contended that the contingency-fee

---

[3] In addition to suing RRM, Hotel also named as defendants appellees Michael R. Mayton and Elton Allison Rieves, III, general partners of RRM, and Belinda E. Rubens, individually and in her capacity as administratrix of Rubens's estate.

agreement had not been fulfilled and that the agreement contravened public policy because it was not in writing. As relief, Hotel sought the return of the fee paid RRM in 2011 from the compensatory-damages award and to preclude its receipt of fees out of the punitive-damages award. RRM answered the complaint and asserted a counterclaim for breach of contract. By agreement of the parties, the circuit court entered an order permitting Dudley to deposit the disputed fee into the registry of the court.

Hotel subsequently filed a motion for partial summary judgment asserting that RRM's counterclaim for breach of contract should be dismissed as a matter of law because an oral contract for a contingency fee is unenforceable as against public policy, as set forth by Rule 1.5 of the Arkansas Rules of Professional Conduct. In response, RRM maintained that the rules of professional conduct do not establish public policy for the purpose of bringing or defending legal claims; that Arkansas courts routinely enforce oral contracts, even when a statute or rule requires them to be in writing; and that the agreement was otherwise enforceable under the facts of this case.

RRM also filed a motion for summary judgment on Hotel's claims and its counterclaim for breach of contract. It argued that RRM and Hotel had entered into a valid, enforceable contract for legal services based on terms that are not in dispute; that the contract survived Rubens's death because Rubens and Dudley were partners in a joint venture; that the rules of professional conduct cannot be used to support a cause of action or defense; that the contract is not unethical or otherwise unenforceable; and that it would not be unjustly enriched by receipt of the fee and that it was, in fact, Hotel that would be unjustly enriched

if permitted to disavow the contract. In response, Hotel maintained its position that the oral contingency-fee agreement was unenforceable, and it also argued that material facts remained in dispute, so as to preclude a grant of summary judgment.

After a hearing, the circuit court denied Hotel's motion for partial summary judgment. The court, however, granted RRM's motion for summary judgment on all of Hotel's claims and on RRM's counterclaim. Thereafter, RRM filed a motion for prejudgment interest pursuant to article 19, section 13 of the Arkansas Constitution. Hotel resisted this motion by arguing that this provision of the Arkansas Constitution was repealed by Amendment 89 to the constitution, which became effective on January 1, 2011. In reply, RRM argued that a six-percent rate of prejudgment interest was established by Arkansas Code Annotated section 4–57–101(d) (Supp. 2013), as pertaining to contracts with no specified rate of interest. The circuit court found that the applicable interest rate was six percent and awarded prejudgment interest in the amount of $212,079.92.[4] This appeal followed, wherein Hotel challenges the granting of RRM's motion for summary judgment and the order awarding prejudgment interest.

This case comes to us from an order of summary judgment. A circuit court may grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Berryhill v. Synatzske*, 2014 Ark. 169, ___ S.W.3d ___. Once the moving party has

---

[4] The circuit court also granted RRM's motion for attorney's fees and costs, awarding $184,890 in fees and $1,251.50 in costs.

established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, ___ S.W.3d ___. In reviewing a grant of summary judgment, an appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *GSS, LLC v. CenterPoint Energy Gas Transmission Co.*, 2014 Ark. 144, ___ S.W.3d ___. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Arloe Designs, LLC v. Ark. Capital Corp.*, 2014 Ark. 21, ___ S.W.3d ___.

As its primary issue on appeal, Hotel contends that the circuit court erred in ruling that oral contingency-fee agreements are enforceable in Arkansas. As support for this argument, Hotel relies on Rule 1.5(c) of the Arkansas Rules of Professional Conduct, which provides that "a contingent fee agreement shall be in writing." It asserts that this rule is an expression of public policy, as espoused by this court under our constitutional authority to regulate the practice of law under Amendment 28. RRM responds that this court has held that no cause of action arises from a violation of the rules of professional conduct and that, in any event, the oral agreement should be upheld under the facts of this case.

A number of courts that have addressed the issue decline to enforce oral contingency-fee agreements when their rules require such agreements to be in writing. *See, e.g.*, *Mullens v. Hansel-Henderson*, 65 P.3d 992 (Colo. 2002); *Chandris, S.A. v. Yanakakis*, 668 So. 2d 180 (Fla. 1996); *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen*, 796 A.2d 238 (N.J. 2002).

Other courts have reached the opposite result. *See Lowrey v. In re Smith*, 543 So. 2d 1155 (Miss. 1989); *Silverstein v. Hirst*, 103 A.2d 734 (Pa. 1954).

In deciding this question, we are persuaded by reasoning of the Mississippi Supreme Court in *Lowrey*, *supra*. Like Arkansas, Mississippi has a rule of professional conduct that requires contingency-fee agreements to be in writing. In *Lowrey*, however, the agreement was not reduced to writing. Although the court observed that this was a "serious problem," the court nonetheless enforced the agreement, limiting its ruling to the "unusual facts of this case." *Lowrey*, 543 So. 2d at 1162–63.

Like the Mississippi Supreme Court, we have no reason to draw a bright-line rule when the circumstances of the instant case compel the enforcement of the agreement. Here, there is no dispute over the existence and the terms of the agreement, nor does Hotel contend that the agreed-upon fee was unreasonable. Significantly, Rubens and House had a long-term professional, as well as personal, relationship. Based on this relationship of mutual trust and confidence, it was not their practice to reduce their arrangements to writing. Under these unique facts, we hold that the fee agreement, although oral, is enforceable according to its uncontested terms.

Alternatively, Hotel presents the argument that questions of fact remain in dispute. It contends that the remaining questions of fact are (1) whether Hotel hired Rubens personally, not RRM generally, to prosecute the Holiday Inn litigation; (2) whether the relationship between RRM and Dudley qualifies as a joint venture; (3) whether RRM abandoned its representation of Hotel in the litigation; (4) whether Hotel acknowledged the oral fee

7

SLIP OPINION

agreement after Rubens's death; and (5) whether RRM was unjustly enriched by the receipt of fees in 2011. Arguing that these factual issues remain in dispute, Hotel contends that the circuit court erred in granting summary judgment.

First, Hotel asserts that a question of fact remains whether it specially hired Rubens to represent it in the lawsuit against Holiday Inn. It contends that this issue is important because the fee agreement terminated at Rubens's death, if it specifically engaged the services of Rubens and not RRM. In a related issue, Hotel argues that the circuit court erred in determining as a matter of law that RRM and Dudley were engaged in a joint venture in the representation of Hotel. In this regard, Hotel questions whether there was an equal right of control with respect to the joint undertaking.

The uncontradicted proof offered by RRM was that Rubens was a partner in RRM, which operated under an arrangement that all fees earned were considered partnership income that was shared by the partners on an equal basis. The circuit court found that Rubens represented Hotel as a partner of RRM, and Hotel has not met proof with proof to dispute this fact. To constitute a joint venture under Arkansas law, the following elements must be present: (1) two or more persons combine in a joint business enterprise for their mutual benefit; (2) right of mutual control or management of the venture; and (3) an expressed or implied understanding that they are to share in the profits or losses of the venture. *Burge v. Pack*, 301 Ark. 534, 785 S.W.2d 207 (1990) (citing *Tackett v. Gilmer*, 254 Ark. 689, 496 S.W.2d 368 (1973)). It is uniformly recognized that an agreement by an attorney who has been retained to prosecute claims on a contingent fee to share the fee with another lawyer

8

SLIP OPINION

who is employed to act as counsel in the litigation establishes between them the relation of joint venturers. *Langdon v. Kennedy, Holland, De Lacy & McLaughlin*, 224 N.W. 292 (Neb. 1929); *see also In re Johnson*, 552 N.E.2d 703 (Ill. 1990) (collecting cases); *Berke v. Murphy*, 274 N.W. 356 (Mich. 1937). Based on this settled law, Hotel has failed to demonstrate that the circuit court erred in granting summary judgment on the issue of joint venture.

Hotel further contends that there are remaining issues of fact as to whether RRM abandoned its representation of Hotel following Rubens's death and whether Hotel acknowledged the fee agreement after Rubens died. However, it is commonly accepted that, where a partnership or attorneys in a joint venture are retained under a contingent-fee contract, the death of one of the attorneys prior to completion of the contemplated services will not relieve the client's responsibility to pay according to the terms of the contract where the required performance is accomplished by the survivors of the partnership or joint venture with the consent or acquiescence of the client. *Kespohl v. Northern Trust Co.*, 236 N.E.2d 268, (Ill. App. Ct. 1968); *see also Senneff v. Healy*, 135 N.W. 27 (Iowa 1912) (holding that where there is a joint venture between attorneys, and following the death of one, the survivor proceeds with the case to protect their mutual interests, and carries it through to the end, the representative of the deceased joint venturer is entitled to his share of the profits or proceeds of the joint enterprise without diminution). Here, with Hotel's consent, Dudley concluded the Holiday Inn litigation. Dudley's correspondence and deposition testimony reveal that he agreed to continue the representation under the terms of the existing agreements. Hotel has provided no evidence that the terms were changed or that Dudley and RRM agreed to

continue the representation under any terms but those of the original agreements. Although Hotel had the option of terminating its contractual obligations and offering to settle with RRM for services rendered, it allowed Dudley to conduct the litigation to its close, resulting in full performance of the agreements by the surviving joint venturer. Under these circumstances, payment of the agreed–upon fee is warranted. *See Clifton v. Clark, Hood & Co.*, 36 So. 251 (Miss. 1904). Therefore, we conclude that summary judgment on this point was appropriate as well.

Finally, Hotel asserts that questions of fact exist on its claim of unjust enrichment. It contends that if the oral contingency-fee agreement fails based on its previous arguments, then RRM is only entitled to a fee based on quantum meruit. Because we have rejected Hotel's arguments challenging the continuing efficacy of contingency–fee agreement, we necessarily find no merit in this argument. RRM is entitled to recover on the agreement; thus, there is no basis for a finding of unjust enrichment.

As its last point on appeal, Hotel contests the award of prejudgment interest under the authority of section 4-57-101(d). It contends that the circuit court erred in applying this statute because it was not in effect when RRM filed its counterclaim for breach of contract and because the statute should not be applied retroactively. This issue is not preserved for appeal. When RRM moved for prejudgment interest, it cited article 19, section 13 of our constitution as authority. In response, Hotel pointed out that this constitutional provision had been repealed. In reply, RRM argued that interest at the rate of six percent was authorized by section 4-57-101(d). Hotel offered no other response; thus, it did not argue to the circuit

court that the statute was inapplicable. Therefore, because this issue is being raised for the first time on appeal, we will not address it. *Lamontagne v. Ark. Dep't of Human Servs.*, 2010 Ark. 190, 366 S.W.3d 351 (declining to address claimed error in the application of a statute when the argument was not raised before the circuit court).

Affirmed; motion to dismiss denied.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John Keeling Baker*, *Alex T. Gray*, and *Brian A. Pipkin*, for appellant.

*Williams & Anderson PLC*, by: *Philip E. Kaplan*, *Stephen A. Hester*, and *Bonnie Johnson*, for appellees.