2016 Ark. 150

**Ken BLEVINS, Appellant**

v.

**David HUDSON et al., Appellees**

**No. CV–15–114**

Supreme Court of Arkansas.

Opinion Delivered: April 7, 2016

Rehearing Denied May 5, 2016

Ken Swindle, Bentonville, and Robert Tschiemer, Mayflower, for appellant.

Harrington, Miller, Kieklak, Eichmann & Brown, P.A., Springdale, by: Thomas Kieklak, for appellee.

COURTNEY HUDSON GOODSON, Associate Justice

This case is an appeal from the Sebastian County Circuit Court's grant of summary judgment in favor of appellee David Hudson against appellant Ken Blevins on his complaint against Hudson for abuse of process and false light. Blevins raises ten points on appeal: (1) summary judgment was inappropriate while discovery was ongoing; (2) Hudson did not make a prima facie case for summary judgment; (3) factual issues existed as to Hudson's motive, intent, and malice; (4) Hudson was not entitled to absolute immunity; (5) Hudson was not entitled to qualified immunity; (6) factual issues existed regarding whether Hudson's conduct caused injury or damages; (7) Hudson's actions violated constitutional and statutory boundaries; (8) Hudson denied Blevins substantive due process; (9) Hudson's actions were ultra vires; and (10) the Association of Arkansas Counties also faces liability. Because Hudson is entitled to immunity on all of Blevins's claims, we affirm the circuit court's grant of summary judgment.

The record reflects that Blevins was elected as Sebastian County Circuit Clerk and took office on January 1, 2011. At that time, Hudson served as the county judge for Sebastian County. In April 2011, several deputy clerks working for Blevins filed letters with Hudson alleging that Blevins was sexually harassing them and requesting grievance hearings, as authorized by the Sebastian County Employment Handbook. According to the handbook, Hudson, as the county judge, was responsible for appointing three members to the grievance committee to hear the complaint. Accordingly, Hudson appointed the committee, which held a hearing in May 2011. The committee ultimately issued a unanimous decision that Blevins had sexually harassed the employees, and it ordered Blevins to issue a formal apology.

Thereafter, in November 2011, Blevins sought to terminate two of the deputy clerks who had participated in the grievance hearing against him earlier in the year. The two deputy clerks filed grievance letters with Hudson, requesting a hearing. Hudson appointed three new members to the grievance committee, and following the hearing, the committee determined that Blevins had attempted to unlawfully retaliate against the deputy clerks for their participation in the previous grievance hearing. Following the committee's determination, Hudson entered an order making conclusions of law, incorporating the factual findings of the grievance committee, and requiring Blevins to continue the employment of the deputy clerks, but Blevins indicated that he would not do so. Subsequently, the six circuit judges of Sebastian County issued an order adopting Hudson's order and mandating Blevins to comply. Blevins did not appeal this decision.

In July 2013, Blevins filed the instant lawsuit against Hudson, alleging that Hudson abused the grievance process and that Hudson had made statements regarding the grievance hearings that placed Blevins in a false light and contributed to his ultimate defeat in the next election. Blevins named Hudson in his official and individual capacities, as well as the Association of

Arkansas Counties, as the liability insurer for Sebastian County.

Blevins filed a motion for summary judgment, arguing that the grievance proceedings amounted to an ultra vires assertion of power by Hudson, as an administrative county judge, over Blevins, an elected official of a judicial district in violation of Arkansas Code Annotated § 14-14-101 (Repl. 2013). Hudson and the Association of Arkansas Counties also filed a motion for summary judgment arguing that Hudson was entitled to absolute immunity because he was acting in his official capacity as county judge, as well as qualified immunity in his individual capacity. The motion also alleged that the Association of Arkansas Counties had no liability because Blevins did not allege an illegal county custom or policy. Finally, Hudson alleged that Blevins was barred from attacking the findings of the grievance committees because he did not appeal those findings, and that his claim for false light was barred by the one-year statute of limitations because over eighteen months had passed since Hudson made the alleged statements about the grievance proceedings. The circuit court granted the defendants' motion for summary judgment, and Blevins filed this appeal.

■■■■ A circuit court may grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Hotel Assocs., Inc. v. Rieves, Rubens & Mayton*, 2014 Ark. 254, 435 S.W.3d 488. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Davis v. City of Blytheville*, 2015 Ark. 482, 478 S.W.3d 214. This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Lipsey v. Giles*, 2014 Ark. 309, 439 S.W.3d 13. The burden is not on the moving party to demonstrate that every fact is undisputed, but to show that reasonable minds could not differ as to the conclusion to be drawn from them. *Early v. Crockett*, 2014 Ark. 278, 436 S.W.3d 141. Summary judgment is also appropriate when the circuit court finds that the allegations, taken as true, fail to state a cause of action. *Sullins v. Cent. Ark. Water*, 2015 Ark. 29, 454 S.W.3d 727.

■■■■ The circuit court properly granted summary judgment to Hudson because he was entitled to immunity on all claims raised by Blevins. Blevins challenges three of Hudson's activities: First, Hudson's appointment of members to the grievance committees; second, his entry of the order directing Blevins to continue the employment of the deputy clerks; and third, Hudson's statements to the public regarding the findings of the grievance committees. When a public officer is granted discretion and empowered to exercise his independent judgment, like a judge, he becomes a quasi-judicial officer and may enjoy judicial immunity when he is acting within the scope of his authority. *Chambers v. Stern*, 338 Ark. 332, 994 S.W.2d 463 (1999). Judicial immunity is absolute immunity from suit. *Hall v. Jones*, 2015 Ark. 2, 453 S.W.3d 674. The rationale behind judicial immunity is to maintain an independent and impartial judiciary. *Chambers, supra.* We have adopted the following factors for determining whether an action is judicial for purposes of judicial immunity: (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private-damages ac-

tions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal. *Robinson v. Langdon*, 333 Ark. 662, 970 S.W.2d 292 (1998) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)).

█ We have held that an administrative law judge was entitled to judicial immunity where the undisputed facts showed that her job "required her to administer oaths to witnesses, rule on evidentiary matters, rule on objections, and issue findings and conclusions of law in a final order." *Langdon*, 333 Ark. at 669, 970 S.W.2d at 295. Similarly, in this case, Hudson is entitled to judicial immunity for any claims arising from the entry of the order against Blevins. Hudson's order makes numerous conclusions of law regarding the jurisdiction of the county court over the matter and the power of the quorum court to control the employees of the circuit clerk. The order also incorporates the factual findings of the grievance committee, applies the applicable standards, and issues a directive for action. Finally, both Hudson's order as well as the order entered by the circuit court judges of Sebastian County note that Hudson was acting in his judicial capacity in entering the order. Utilizing our criteria enumerated above, it is clear that there is a need for county judges to be free from harassment and intimidation and insulated from political influence when they ₆enter orders in a judicial capacity. Additionally, the hearing before the grievance committee was an adversarial process, and any error in that process could have been corrected through an appeal. Although the concurrence argues that Hudson is not entitled to judicial immunity because he did not actually preside over the hearing, this fact is immaterial because Blevins has challenged Hudson's entry of the order. As noted above, the entry of the order was a quasi-judicial action because it required Hudson to make conclusions of law, incorporate findings of fact, and render a judgment in the matter. Accordingly, Hudson was performing a quasi-judicial function when he entered the order requiring Blevins to retain the employees, and he is entitled to judicial immunity against claims arising from that action.

█ As to the remaining activities, Hudson is entitled to qualified immunity. Qualified immunity shields government officials from liability for civil damages when they are performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Immunity for county officials is set out in Arkansas Code Annotated section 21–9–301, which states,

> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

Ark.Code Ann. § 21–9–301(a) (Supp. 2015). We have held that this provision protects employees against suits in their official and individual capacities. *Smith v. Brt*, 363 Ark. 126, ₇211 S.W.3d 485 (2005). On the issue of qualified immunity, we have traditionally been guided by the analysis adopted by the Supreme Court for qualified-immunity claims in federal civil-rights actions. *Fegans v. Norris*, 351 Ark. 200, 89 S.W.3d 919 (2002). Thus, courts evaluating a claim of qualified immunity must determine whether the plaintiff has alleged

the deprivation of an actual constitutional right and, if so, whether that right was clearly established at the time of the alleged violation. *Rainey v. Hartness*, 339 Ark. 293, 5 S.W.3d 410 (1999). The issue of whether the official's conduct violated clearly established constitutional rights is a question of law that may be resolved by summary judgment. *Id.*

In this case, Blevins's complaint wholly fails to plead facts to establish liability on Hudson in his individual or official capacity. First, although the heading of the complaint indicates that the suit is against Hudson individually, the factual recitations within the body of the complaint indicate that the suit is against Hudson only in his official capacity, stating, "[A]ll actions of the Defendant, Hudson, were committed in his official capacity as county judge of Sebastian County." Thus, because the complaint fails to state a cause of action against Hudson individually, the circuit court properly granted summary judgment in favor of him.

Second, as to Hudson officially, the complaint also fails to plead facts sufficient to establish liability. As noted above, qualified immunity shields government employees from liability when they are performing discretionary duties "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson*, 526 U.S. at 609, 119 S.Ct. 1692. Here, Blevins's complaint does not identify [8] or plead facts sufficient to establish that Hudson violated an established statutory or constitutional right. Rather, Blevins makes only conclusory factual and legal allegations, such as (1) that the employees filing sexual harassment complaints against Blevins "colluded with Defendant, Hudson, with the resolution of receiving a promise from [Blevins] to withdraw from running for the Sebastian County Circuit Clerk's office in 2012, and

to apologize for sexual harassment"; (2) that Hudson "selected judges for the [grievance] hearing in violation of Arkansas Law"; (3) that Hudson "failed to take any action to enforce the rules according to his duties"; (4) that the grievance hearing "was an *ultra vires* assertion of authority of an administrative county judge over an elected official of a judicial district"; (5) that the grievance proceeding was used "to undermine public confidence in [Blevins] and to replace [Blevins] in his duly-elected position, either by recall or in an election"; and (6) that Hudson "gave publicity to a matter concerning [Blevins] including, but not limited to, implying that [Blevins's] decision to terminate certain employees violated the Constitution and Laws of Arkansas and the United States." These conclusory allegations are insufficient, as a matter of law, to establish the violation of a constitutional right necessary to impart liability on a government employee acting in his official capacity. *See Key v. Curry*, 2015 Ark. 392, 473 S.W.3d 1. Thus, the circuit court properly granted summary judgment against Blevins, and we affirm its decision.

We likewise affirm the circuit court's grant of summary judgment in favor of the Association of Arkansas Counties. In his complaint, Blevins pled no specific causes of action to establish liability on the Association but merely sought to impute any liability of Hudson [9] to the Association. Because Hudson is entitled to immunity on Blevins's claims and because Blevins failed to establish any independent liability on the part of the Association, summary judgment was proper.

Affirmed.

Brill, C.J., and Danielson, J., concur.

PAUL E. DANIELSON, Justice, concurring.

I agree with the majority's holding that appellee David Hudson is entitled to quali-

fied immunity pursuant to Arkansas Code Annotated section 21–9–301(a). However, I write separately because I question the wisdom of extending absolute judicial immunity to a county judge under these facts.

As the majority correctly points out, "When a public officer is granted discretion and empowered to exercise his independent judgment, like a judge, he becomes a quasi-judicial officer and may enjoy judicial immunity when he is acting within the scope of his authority." *Chambers v. Stern,* 338 Ark. 332, 336, 994 S.W.2d 463, 465 (1999). In my view, Hudson was not exercising his independent judgment in this case and did not act as a quasi-judicial officer. The majority relies on *Robinson v. Langdon,* 333 Ark. 662, 970 S.W.2d 292 (1998), wherein this court held that an administrative law judge who served as a hearing officer was entitled to judicial immunity. We emphasized that her job "required her to administer oaths to witnesses, rule on evidentiary matters, rule on objections, and issue findings and conclusions of law in a final order." *Id.* at 669, 970 S.W.2d at 295. Contrary to the majority's observations, Hudson's actions in the instant case were dissimilar to those described in *Robinson.* Importantly, Hudson did not preside at the grievance hearing; rather, he appointed a committee to preside and to answer the questions presented. Therefore, he did not administer any oaths or rule on any evidentiary matters or objections. In addition, the committee, and not Hudson, weighed the evidence and determined that (1) the deputy clerks had met their burden of proving by a preponderance of the evidence that they had engaged in constitutionally protected conduct, which was a substantial or motivating factor in appellant Ken Blevins's decision to terminate their employment; and (2) Blevins had not met his burden of proving by a preponderance of the evidence that there was cause for the termination and that the decision to terminate would have occurred even in the absence of the constitutionally protected conduct. Hudson's order merely set out the committee's findings and ordered Blevins to "immediately conform his conduct to the decision of the County Grievance Committee." For these reasons, this case is distinguishable from *Robinson.*

Moreover, the majority misses the mark in its discussion of the factors adopted by this court for determining whether judicial immunity applies. *See Robinson,* 333 Ark. 662, 970 S.W.2d 292 (citing *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)). It is certainly true that there is a need for county judges to be free from harassment and intimidation in performing their functions. However, in pointing out the adversarial nature of the hearing before the grievance committee and the correctability of error on appeal, the majority forgets that Hudson did not participate in the hearing. His own testimony indicated that he did not have any role in the hearing and that the hearing officer was in a "supervisory role."

Accordingly, I cannot agree that Hudson's entry of the order setting forth the grievance committee's findings constituted a quasi-judicial act entitling him to judicial immunity. I concur in the result, however, because I agree that Hudson was entitled to qualified immunity on all of Blevins's claims, including those focusing on the entry of the order.

Brill, C.J., joins in this concurrence.