Karen R. Baker, Justice, dissenting.
Because the order appealed from is not a final order nor was there an attempt to obtain certification in compliance with Rule 54(b) of the Arkansas Rules of Civil Procedure, I must respectfully dissent.
As a basis for this court's jurisdiction, the majority cites Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure-Civil. Rule 2(a)(2) provides that an appeal may be taken from "[a]n order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." (Emphasis added.) For the reasons that follow, I do not agree that Rule 2(a)(2) is applicable to the present case.
A review of the plain language of Rule 2(a)(2) reveals that it contains both a conjunctive and disjunctive component. The first portion of Rule 2(a)(2) is conjunctive because it states that a party may appeal an order which in effect determines the action and prevents a judgment from which an appeal might be taken. In the present case, even if we were to assume that the order in effect determined the action, based on the conjunctive nature of this rule, the order must also prevent a judgment from which an appeal might be taken. However, the majority fails to explain how the circuit court's order finding that DLCC was not entitled to charitable immunity would prevent DLCC from appealing the judgment at the conclusion of this litigation. Turning to the second portion of the rule-which is disjunctive to the first portion of the rule by the insertion of the word "or"-a party may appeal an order which discontinues the action. Clearly, this order which found that DLCC was not entitled to charitable immunity does not discontinue the action. Instead, the order allows the action to proceed.
Further, the cases cited by the majority fail to support its position that an order denying charitable immunity is an appealable order. Most of the cases cited by the *463 majority stem from orders denying the appellants' motion to dismiss based on sovereign immunity. Thus, this court had jurisdiction pursuant to Rule 2(a)(10), which allows an appeal from an "order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official." The remaining cases relied on by the majority were appeals from denials of motions for summary judgment based on the doctrine of qualified immunity. We have explained that qualified immunity shields government officials from liability for civil damages when they are performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Blevins v. Hudson , 2016 Ark. 150, at 6, 489 S.W.3d 165 (citing Wilson v. Layne , 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) ). In my view, charitable immunity of a private entity is not analogous to qualified immunity of a government employee or official.
Finally, we have said that the purpose of a final order is to avoid piecemeal litigation. Blackman v. Glidewell , 2011 Ark. 23 (citing Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc. , 372 Ark. 286, 275 S.W.3d 162 (2008) ). If the majority wants to expand our jurisdiction to encompass orders finding that a party is not entitled to charitable immunity, the proper avenue is through an amendment to Rule 2 of the Arkansas Rules of Appellate Procedure-Civil. In sum, because the order at issue is not a final appealable, order and because it lacks a Rule 54(b) certificate, we lack jurisdiction of this appeal and should dismiss.
Hart and Wynne, JJ., join.