Shawn A. Womack, Justice, dissenting.
I disagree with the majority's conclusion that Mr. Wilson is entitled to attorney's fees given that the agreement between Mr. Wilson and his attorney for a contingency fee is void on its face.
"A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated." Arkansas Rule of Professional Conduct 1.5(c) (emphasis added). The language of the rule is both clear and mandatory. An agreement for the type of fee sought here by Mr. Wilson must be in writing and it must state how the amount is to be determined.
*905 Mr. Wilson acknowledged during oral argument that no written agreement existed between him and his attorney for the contingency fee to which he argues he is entitled. Under our rules, a verbal agreement for a contingency fee is invalid. While this court has previously granted an exception to Rule 1.5(c), that exception was based on unique facts that do not exist here. See Hotel Associates, Inc. v. Rieves, Rubens and Mayton , 2014 Ark. 254, 435 S.W.3d 488. In that case, the parties questioned the validity of an oral contingency fee agreement as it applied between themselves. Here, Mr. Wilson seeks to impose an oral contingency fee agreement between him and his attorney upon a third party, the State of Arkansas. This is not allowed.
Because Mr. Wilson's verbal agreement is facially void and cannot be enforced by this court, I respectfully dissent from the majority's determination that attorney's fees are permitted in this case.